LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
(212) 465-1180
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EDGAR JESUS FRANCO, *on behalf of himself, FLSA Collective Plaintiffs, and the Class*, <br><br> Plaintiff, <br><br> -against- <br><br> ALL DOGS IN THE CITY, INC. d/b/a ALL DOGS IN THE CITY, FRANCISCO P. NETO, and CAROLINA LOZANO, <br><br> Defendants. | Case No.: <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> Jury Trial Demanded |

Plaintiff EDGAR JESUS FRANCO ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants ALL DOGS IN THE CITY, INC. d/b/a ALL DOGS IN THE CITY ("Corporate Defendant"), FRANCISCO P. NETO, and CAROLINA LOZANO ("Individual Defendants", and collectively with the Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he

is entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving, (2) unpaid spread of hours premium, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

3. Plaintiff additionally alleges for damages under the Internal Revenue Code, 26 U.S.C. § 7434 for relief, damages, fees, and costs in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

4. The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

5. Plaintiff further alleges that Defendants breached their contract with Plaintiff and Class members by failing to pay employer payroll taxes for Plaintiff and Class members, as required by the Federal Insurance Contribution Act ("FICA").

## **JURISDICTION, AND VENUE**

6. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## **PARTIES**

8. Plaintiff EDGAR JESUS FRANCO is a resident of Queens, New York.

9. Corporate Defendant ALL DOGS IN THE CITY, INC d/b/a ALL DOGS IN THE CITY was and is a domestic business corporation duly organized under and existing by virtue of the laws of the State of New York, and its principal place of business is located at 18-73 42nd

Street, Queens, NY 11105.

10. Individual Defendant FRANCISCO P. NETO is the owner of the Corporate Defendant. Defendant FRANCISCO P. NETO exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class members. FRANCISCO P. NETO had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class members. At all relevant times, employees could complain to FRANCISCO P. NETO regarding any of the terms of their employment, and FRANCISCO P. NETO would have the authority to effect any changes to the quality and terms of their employment. FRANCISCO P. NETO ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendant. FRANCISCO P. NETO had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

11. Individual Defendant CAROLINA LOZANO is the owner of the Corporate Defendant. Defendant CAROLINA LOZANO exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class members. CAROLINA LOZANO had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class members. At all relevant times, employees could complain to CAROLINA LOZANO regarding any of the terms of their employment, and CAROLINA LOZANO would have the authority to effect any changes to the quality and terms of their employment. CAROLINA LOZANO ensured that employees effectively served customers

and exercised functional control over the business and financial operations of Corporate Defendant. CAROLINA LOZANO had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

13. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of himself and all current and former non-exempt employees, including, but not limited to, dog attendants, dog walkers, dog groomers, dog trainers, and all other similarly situated employees, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages and proper overtime premium at one and a half times the regular rate for all hours worked, including overtime hours after forty (40), and failing to provide Plaintiff and FLSA Collective Plaintiffs with uninterrupted breaks lasting no less than thirty (30) minutes in duration. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

4

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all current and former non-exempt employees, including, but not limited to, dog attendants, dog walkers, dog groomers, dog trainers, and attendants and all other similarly situated employees, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the title of the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

19. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more

than forty (40) members of the Class.

20. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' corporate practices of (i) failing to pay overtime premium, (ii) failing to pay spread of hours premium. (iii) failing to provide Class members with proper wage statements with every payment of wages, and (iv) failing to properly provide wage notices to Class members, at date of hiring and at dates of all wage changes, per requirements of the NYLL.

21. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small

in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the First Amended Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York labor law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work;

d) Whether Defendant properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

e) Whether Defendants properly compensated Plaintiff and Class members the proper minimum wage under the NYLL;

f) Whether Defendants properly compensated Plaintiff and Class members the proper overtime compensation under the NYLL;

g) Whether Defendants unlawfully time-shaved Plaintiff's and Class members' hours;

h) Whether Defendants operated their business with a policy of failing to pay Plaintiff, and Class members overtime wages of one and a half;

i) Whether Defendants paid the spread of hours premium owed to employees working more than ten (10) hours per day as required by the NYLL;

j) Whether Defendants provided proper wage notice, at date of hiring and dates of all wage changes thereafter, to all non-exempt employees per requirements of the NYLL; and

k) Whether Defendants provided proper wage statements for each pay period to Plaintiff and Class members, and whether those wage statements properly stated Plaintiff's and Class members' wages and overtime compensation in accordance with the NYLL.

**STATEMENT OF FACTS**

26. In or around October 2021, Plaintiff FRANCO ("Plaintiff") was hired by Defendants to work as a dog attendant for Defendants' All Dogs In The City, which provides dog owners full service "grooming, daycare, boarding, dog walking, and pick up services." Defendants' business is located at 18-73 42nd Street, Queens, NY 11105. Plaintiff's employment with Defendants terminated on or around August 1, 2022.

27. At all times of his employment, Plaintiff performed the duties of a dog attendant. As such, Plaintiff was required to drive dogs to Defendants' business, assist with pick up/drop off of dogs to and from clients' homes, assist with dog grooming duties as instructed by the manager, play with the dogs in the pool at Defendants' location, and walk the dogs.

28. Throughout his employment, Plaintiff's schedule varied. From the start of Plaintiff's employment until in or around February 2022, Plaintiff was scheduled to work five (5) to six (6) days each week from 7:00 a.m. to 3:00 p.m., for a total of forty (40) to forty-eight (48) hours each week. From March 2022 until the end of his employment, Plaintiff regularly worked five (5) to six (6) days each week, from 7:00 a.m. to 7:00 p.m., for twelve (12) hours per day for a total of sixty (60) to seventy-two (72) hours each week. During Plaintiff's employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours.

29. Throughout his employment, Plaintiff was compensated $15.00 per hour but was compensated for overtime hours at different rates. From the start of Plaintiff's employment, until in or around June 2022, his overtime rate was $15.00 per hour. Thereafter, Plaintiff was promoted to Assistant Manager, in title only, and was still required to perform his duties as a dog attendant. After this promotion, Plaintiff's hourly rate remained fifteen dollars $15.00, and his overtime rate was increased to $16.00 per hour. At all times, Defendants failed to pay Plaintiff the required

overtime rate of 1.5 times his regular hourly rate, in violation of both the FLSA and the NYLL. FLSA Collective members and Class members were similarly paid below the required overtime premium of 1.5 times their regular rate of pay.

30. At all times of his employment, Plaintiff was an hourly employee and not exempt from the overtime requirements of the FLSA or the NYLL. Plaintiff did not fall into any of the exemption categories under either the FLSA or the NYLL, and, as such, Defendants were required compensate Plaintiff 1.5 times his regular hourly rate for hours worked in excess of forty (40) in a workweek at 1.5 times Plaintiff's regular hourly rate. Similarly, FLSA Collective Plaintiffs and Class members were hourly employees who were not exempt from the overtime requirements of the FLSA and the NYLL.

31. Specifically, Plaintiff performed the duties of a dog attendant during all times of his employment with Defendants. Although Defendants promoted Plaintiff to "Assistant Manager", this promotion was in title only, and Plaintiff did not have any real managerial authority. For example, Plaintiff could not hire or fire employees, reprimand employees, or give employees raises.

32. Throughout his employment, Plaintiff FRANCO was compensated by check for only up to forty (40) hours of work and was compensated overtime hours by cash without Defendants withholding the required taxes, in violation of 26 U.S.C. § 7434. FLSA Collective Plaintiffs and Class members were similarly compensated by a combination of check and cash.

33. As a result of this policy, Defendants failed to provide Plaintiff and Class members with accurate IRS Forms W-2 for all the tax years of their employment and failed to properly record, account for, and report to the IRS all monies paid to Plaintiff and Class members. In failing to account for these monies in their IRS filings, Defendants filed fraudulent information in

10

violation of 26 U.S.C. § 7434. Under 26 U.S.C. § 7434(b), Defendants are liable for at least $5000 to each Class member for each fraudulent filing, which would have to be at least once a year.

34. In violating the Internal Revenue Code by failing to provide proper W-2 forms, Defendants also breached their contract with Plaintiff and Class members to pay the employer's share of Social Security and Medicare taxes for each employee.

35. Defendants also unjustly enriched themselves at the expense of Plaintiff and Class members by retaining monies that should have been remitted to the IRS on Plaintiff's and Class members' behalf.

36. As a result, Plaintiff and Class members will either (1) be liable to the IRS for the employer's share of FICA taxes or (2) upon retirement suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

37. The employer's share of Social Security taxes is 6.2%. The employer's share of Medicare taxes is 1.45%. Accordingly, Defendants must compensate Plaintiff and each Class member 7.65% of all their earnings from Defendants beginning six (6) years prior to the filing of this Complaint.

38. Defendants are liable to Plaintiff and Class members for failing to pay FICA taxes on the cash portion of the wages earned by Plaintiff and Class members.

39. Additionally, throughout Plaintiff's employment, he was required to clock out each day for a thirty (30) minute meal break. However, despite being clocked out, Defendants required Plaintiff to work through his meal breaks because the business was too busy. If Plaintiff ever failed to or forgot to clock out for his meal breaks, Defendants would automatically deduct thirty (30) minutes from his wages for that shift, regardless of whether Plaintiff was able to take a free and clear meal break. As a result, Plaintiff did not get to experience a free and clear meal break and

was time shaved for this time each shift. FLSA Collective Plaintiffs and Class members were similarly required to work after clocking out for their meal breaks.

40. Throughout his employment, Plaintiff was frequently required to work shifts in excess of ten (10) hours. However, Plaintiff was not compensated with such spread of hours premiums. Class members similarly did not receive spread of hours premiums when working shifts exceeding ten (10) hours.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. Plaintiff realleges and reaver all of the foregoing paragraphs of this Complaint as if fully set forth herein.

42. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

44. At all relevant times, Defendants had a policy and practice of time-shaving resulting in a failure to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked.

45. At all relevant times, Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek.

46. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA

Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this First Amended Complaint to set forth the precise amount due.

47. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

48. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

50. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time-shaving and unpaid overtime premiums, plus an equal amount as liquidated damages.

51. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

52. Plaintiff realleges and reaver all of the foregoing paragraphs of this Complaint as if fully set forth herein.

53. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

54. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them their proper wages, including overtime, for all hours worked due to Defendants policy of time-shaving.

55. Defendants willfully violated the rights of Plaintiff and Class members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

56. Defendants failed to provide employees with their spread of hours premium when working shifts in excess of ten (10) hours, in direct violation of NYLL.

57. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by the NYLL. Defendants are required to provide accurate and proper information on wage statements issued to employees in accordance with the NYLL.

58. Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees with proper wage notices, at date of hiring and at the dates of all changes in wage rates thereafter, as required under the NYLL.

59. Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages, including overtime, due to time-shaving, unpaid overtime and spread of hours premiums, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

60. Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages, including overtime, due to time-shaving, unpaid

overtime and spread of hours premiums, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL

## COUNT III

### CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434(a)

**(Brought individually and on behalf of the Class)**

61. Plaintiff realleges by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

62. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

63. By failing to provide Plaintiff and Class members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff and the Class as wages, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

64. Defendants knew they had a legal duty not to misrepresent to the IRS the amount of money they were paying employees. Defendants' actions were willful violations of, or showed reckless disregard for, the provisions of the Internal Revenue Code.

65. Pursuant to 26 U.S.C. § 7434(b)(3), Defendants are also liable to Plaintiff for reasonable attorneys' fees.

## COUNT IV

## BREACH OF CONTRACT

**(Brought individually and on behalf of the Class)**

66. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class Action Complaint as if fully set forth herein and further alleges as follows:

67. "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance … This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract … [T]he duties of good faith and fair dealing … encompass any promises which a reasonable person in the position of the promisee would be justified in understanding were included [in the contract]." *511 W. 232nd Owners Corp. v. Jennifer Realty Co*., 98 N.Y.2d 144, 153, 773 N.E.2d 496, 500-501, 746 N.Y.S.2d 131, 135-136, 2002 N.Y. LEXIS 1579, *10-11 (2002).

68. When Plaintiff and Class members accepted offers of employment form Defendants, the parties entered a contract, and the covenant of good faith and fair dealing implicit therein required Defendants to pay Plaintiff and Class members in accordance with all applicable laws. This involved, *inter alia*, a duty by abide by the Internal Revenue Code and pay all required FICA taxes.

69. Defendants breached this duty when they decided to pay Plaintiff and Class members partly in cash and not file proper W-2. As a result, Plaintiff and Class members lost part of the benefit of the bargain for which they contracted, suffering a loss in the amount of the FICA taxes that Defendants should have paid on their behalf but did not.

## COUNT V

## UNJUST ENRICHMENT

**(Brought individually and on behalf of the Class)**

70. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class Action Complaint as if fully set forth herein and further alleges as follows:

71. To state a claim for unjust enrichment, a plaintiff must allege that: "(1) the [defendant] was enriched, (2) at [plaintiff's] expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered." *Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516, 973 NE2d 743, 950 NYS2d 333 (2012) (internal quotations omitted).

72. Defendants were unjustly enriched when they kept for themselves money that should have been paid to the Internal Revenue Service as Defendants' employer FICA contribution. Such came at the expense of Plaintiff and Class members because they will either (1) be liable to the IRS for the employer's share or (2) upon retirement suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

73. Accordingly, all sums that Defendants should have paid to the IRS should be disgorged from Defendants and transferred to Plaintiff and Class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs, and Class members respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. A declaratory judgment that the practices complained of herein are unlawful under 26 U.S.C. § 7434 and that Defendants breached their contract with, and/or unjustly

      enriched themselves at the expense of, Plaintiff and Class members;

c. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid wages, including overtime compensation, due to Defendants' improper time-shaving policy under the FLSA and the NYLL;

e. An award of unpaid overtime premium due under the FLSA and the NYLL;

f. An award of unpaid spread of hours premiums due under the NYLL;

g. An award of statutory penalties as a result of Defendants failure to comply with NYLL wage notice and wage statement requirements;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages, including overtime compensation, pursuant to 29 U.S.C. § 216;

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages, including overtime compensation, pursuant to the NYLL;

j. An award of $5,000 in statutory damages to Plaintiff and each Class member under 26 U.S.C. § 7434;

k. Contractual damages for Defendants' failure to keep their promise to abide by the Internal Revenue Code and fund Plaintiff's and Class members' retirement through FICA contributions;

l. Disgorgement from Defendants of all illegally retained sums that should have gone into FICA contributions;

m.  An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

n.  Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

o.  Designation of this action as a Class Action pursuant to FRCP 23;

p.  Designation of Plaintiff as Representative of the Class; and

q.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 15, 2022　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　By:  */s/ C.K. Lee*
　　　　　　　　　　　　　　　　　　　　　　　　　C.K. Lee, Esq.

　　　　　　　　　　　　　　　　　　　　　　LEE LITIGATION GROUP, PLLC
　　　　　　　　　　　　　　　　　　　　　　C.K. Lee (CL 4086)
　　　　　　　　　　　　　　　　　　　　　　Anne Seelig (AS 3976)
　　　　　　　　　　　　　　　　　　　　　　148 West 24th Street, 8th Floor
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10011
　　　　　　　　　　　　　　　　　　　　　　Tel.: 212-465-1188
　　　　　　　　　　　　　　　　　　　　　　Fax: 212-465-1181
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*